(91 App. Div. 586.)

## PEOPLE v. BUCKLEY.

(Supreme Court, Appellate Division, Second Department. March 18, 1904.)

1. ESCAPE—INFORMATION—STATUTES—CONSTRUCTION—ATTEMPT.

 Pen. Code, § 87, declares that a person who, intending to effect or facilitate the escape of a prisoner, whether the escape is effected or attempted or not, conveys to a prisoner any information, is guilty of a felony, if the prisoner is held on a charge of felony. An indictment under such section charged defendant with sending a letter to a prisoner confined in a jail for burglary, with intent to facilitate the prisoner's escape, but the letter set out did not contain any information calculated to directly aid the escape, but merely communicated to the recipient a system of cipher which the sender expressed an intention to use in a subsequent letter in which he promised to give the details of a plan to release two of recipient's fellow prisoners. *Held*, that since the information, the sending of which is prohibited by such section, is only such as can have some tendency, if acted on, to enable prisoners to escape, the sending of the letter described was, at most, an attempt to commit the offense prohibited.

2. SAME—OVERT ACT.

 The sending of such letter constituted a sufficient overt act, showing an intention to commit the crime, to justify a conviction for an attempt.

3. SAME.

 The sending of the letter constituted an attempt to commit the offense, though it was a mere preparation, or an act merely preliminary to the commission thereof.

4. SAME—WITNESS—REBUTTAL.

 In a criminal prosecution it was error for the court to permit witness for the people, called in rebuttal, to characterize the testimony of defendant's witnesses as untrue.

Appeal from Queens County Court.

John Buckley was convicted of conveying information to a prisoner held on a charge of felony, intended to facilitate such prisoner's escape, and he appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Philip Wohlstetter and Thomas M. Tyng (J. M. Brinbaum, on the brief), for appellant.

George A. Gregg, Dist. Atty. of Queens County, for respondent.

WILLARD BARTLETT, J. That portion of section 87 of the Penal Code which is material to the case at bar is as follows:

"A person who, with intent to effect or facilitate the escape of a prisoner, whether the escape is effected or attempted or not, * * * conveys to a prisoner any information, * * * is guilty of felony, if the prisoner is held upon a charge, arrest, commitment, or conviction for a felony."

The indictment is based upon the provision which I have quoted. It accuses John Buckley of "the crime of sending and conveying into a prison, and to a prisoner confined therein charged with felony, a letter or thing of information, with intent to thereby effect or facilitate the escape of a prisoner or prisoners then confined in said prison upon charges of felony." The act charged as constituting the crime is the sending by the defendant to one William Carroll, a prisoner confined in the Queens County Jail upon the charge of burglary, of a letter with

intent to effect or facilitate the escape of prisoners confined in the same jail upon charges of felony. The letter is set out in the indictment. It does not contain any information calculated directly to aid an escape, but it communicates to the recipient a somewhat complicated system of cipher writing, which the sender expresses the intention of using in a subsequent letter in which he will give the details of a plan for effecting the release of two of the recipient's fellow prisoners. The cipher consists of short marks above and below a straight line, resembling in some respects the symbols employed in stenography, and strikingly suggestive of the cipher solved by Sherlock Holmes, which forms the basis of Conan Doyle's well-known story of "The Dancing Men."

Upon the trial the defendant admitted having sent this letter, but denied that he intended thereby to convey any information whereby the prisoners could effect their escape. There was testimony in behalf of the prosecution, however, tending to show that the intent of the sender must have been to facilitate such escape. Assuming that intent to have existed, the question is whether the sending of a letter of this character constitutes the offense defined by that portion of section 87 of the Penal Code which has been quoted, or only an attempt to commit that offense. I am of the opinion that under this indictment no conviction could be sustained for anything more than an attempt. The pleader has assumed, and I think correctly, that the information, the sending of which is prohibited by section 87, is only such as can have some tendency, if acted upon, to enable prisoners to escape from incarceration. No such information is conveyed by this letter. The writer promises to send information of this character hereafter, by means of the cipher which he sets out, but he expressly withholds the details of his plan for future communication through the instrumentality of that cipher. Such, at least, is the conclusion which might be reached by a jury upon a consideration of the letter itself in the light of the evidence in the record. The letter was obviously designed to be the first link in a chain of communication between the sender and the recipient. The omission therefrom of the information which the statute is intended to prohibit does not prevent it from being regarded as a step toward the furnishing of such information. If so, I think the sending of the letter, with the intent to facilitate the escape of a prisoner confined upon a charge of felony, may well be deemed an attempt to commit the crime denounced by section 87 of the Penal Code. To constitute an attempt, there must be an overt act done with the intention of eventually committing the crime, and having a tendency to effect its commission. Here was the necessary overt act in the sending of the letter. The intent is sufficiently charged in the indictment, and, as I have said, a jury might well infer its existence from the evidence.

But was the sending of the letter an act tending to effect the commission of the crime? I think it was. It established, if the missive were not intercepted, a secret method of communication between the parties to the correspondence, not innocent in its character, but intended to be employed for a criminal purpose. It is argued in behalf of the appellant that the facts charged in the indictment and proved upon the trial constitute at most a preparation to commit a crime, being acts merely of a preliminary nature, and that such preparations have never

been held to amount to an attempt to commit the offense in contemplation. This doctrine, that mere preparation can never be deemed an attempt to commit a crime, has not been universally accepted, as is pointed out in the case of People v. Sullivan, 173 N. Y. 122, 65 N. E. 989, 93 Am. St. Rep. 582, where the opinion of the Court of Appeals was written by Cullen, J., and contains an interesting and instructive discussion of the law of this state relating to the elements necessary to constitute an attempt to commit a crime. He shows that the courts of this state have not accepted the doctrine of the early English cases to the effect that, in order to constitute an attempt, the overt act must be the final one toward the completion of the offense, and of such a character that, unless interrupted, the offense itself would have been committed. While conceding the difficulty of formulating any general rule by which to determine whether acts are too remote to amount to an attempt to commit a crime, he lays down this proposition as the result of his examination of the cases:

"Whenever the acts of a person have gone to the extent of placing it in his power to commit the offense, unless interrupted, and nothing but such interruption prevents his present commission of the offense, at least, then, he is guilty of an attempt to commit the offense, whatever may be the rule as to his conduct before it reached that stage."

In the case at bar the sending of the cipher placed it in the power of the defendant to communicate secret information for the purpose of promoting the escape of prisoners in the jail to which the letter was sent. If, as a jury might have found, the interception of the letter alone prevented the defendant from sending such subsequent information, he would be guilty of an attempt to commit a felony under section 87 of the Penal Code, provided the proof also established the existence of the necessary criminal intent. If I am correct in these views, it follows that the conviction, which is for a felony under section 87, and not for an attempt to commit such a felony, must be reversed; and, as the indictment sets out facts constituting an attempt only, the new trial must be confined to that charge alone. For the guidance of the court upon such new trial, it may be well to point out that we regard it as error to permit witnesses for the people, called in rebuttal, to characterize the testimony of witnesses for the defendant as untrue, as was done upon the trial under review.

Judgment reversed, and new trial ordered.

HIRSCHBERG, P. J. I concur in the result reached by Mr. Justice BARTLETT in this case, viz., that the judgment of conviction should be reversed, and a new trial of the defendant ordered. It was certainly error to permit witnesses who were called on behalf of the prosecution to characterize the testimony of certain of the defendant's witnesses as untrue. This error alone is abundantly sufficient to justify a reversal. I concur also in the view that, on the evidence appearing in the record before us, the defendant could only be convicted of an attempt to commit the crime described in section 87 of the Penal Code, instead of the consummated offense; but as I arrive at that result by a different process of reasoning from that adopted by Mr. Justice BARTLETT, I will briefly express my opinion on that subject.

87 N.Y.S.—13

The crime stated in the section of the Penal Code referred to, so far as applicable to this case, makes it a felony for any one, with intent to effect or facilitate the escape of a prisoner who is held under a charge or upon a conviction for felony, to convey to such prisoner any information, whether the escape is effected or attempted or not. The object of the statute is to create the crime of conveying information to the prisoner with the guilty intent of aiding his escape, and the crime is completed when the information is conveyed to the prisoner with such intent, whether the information is or is not adequate to either effect or facilitate his escape. The question of the value and efficacy of the information conveyed may be material in determining the intent of the accused, but I do not think that it is otherwise material. The same section of the Penal Code also declares it to be a crime to send into a prison, with like intent, any disguise, instrument, weapon, or other thing; and I have no doubt that a defendant could be convicted of the completed crime if he sent a key into the prison with the intent of aiding the escape of a prisoner, notwithstanding the key might not fit the prison lock. In this case the defendant sent to a prisoner named Carroll, who was incarcerated under a charge of felony, a letter containing a secret cipher to be used by the recipient in reading the details of a plot or plan of escape, to be subsequently sent to him by the defendant, couched in the disguise of the cipher so communicated. It being established that the letter containing the cipher was sent with the guilty intent of facilitating the escape of some one or more of the prisoners then in the jail, its conveyance to one of those prisoners would constitute the crime described in the statute, without the addition of the scheme of escape which it was designed to decipher. It would be some information essential to the consummation of the guilty purpose, and would therefore constitute the precise offense set forth, viz., the conveyance of some, that is, of "any," information with intent to facilitate an escape. The statute prescribes, as a constituent part of the crime, no element which is lacking in this case, provided the information has been conveyed to the prisoner. The information is of a character which is calculated to aid the escape, although not complete in itself, and although intended to be supplemented by additional information, and, having been conveyed with the felonious intention of effecting, or at least of aiding in, such result, it seems to me quite clearly to constitute the completed crime.

But I cannot find from the evidence that the defendant ever succeeded in conveying to Carroll the information contained in the letter which he sent, and therefore conclude that he was only guilty of an attempt to do so. The letter was sent by registered mail, and was duly delivered at the jail. Carroll receipted for it, but it was never delivered to him. It was opened by the warden, who, upon finding its purpose and character to be unlawful, took it to the district attorney and delivered it into the possession of that official. The warden testified:

"The letter was opened, and after I opened it I read it; the opening and reading by me was in the presence of Carroll, and when I finished reading it I took it away with me, and immediately gave it to the district attorney. * * * Carroll never had the letter; I intercepted it. Carroll never had

possession of the envelope; all he did was to sign this receipt marked 'Exhibit H.' He seen the letter, but he didn't read it. He only saw it in my hand while I read it. The letter carrier delivered it to the keeper who was just on the stand, and the keeper delivered it to me."

This case has been tried by the prosecution upon the theory that the crime charged in the indictment was the sending of information into the prison. There is a material difference in the language of the Penal Code (section 87) in relation to the sending of information and the sending of a disguise, instrument, weapon, or other like thing. In the latter case it is sufficient if the object is sent into the prison; but as to forbidden information, it is necessary that it should be actually conveyed by the accused to the prisoner; in other words, that it should reach its object through the agency of the accused. In this respect the defendant's crime failed of accomplishment because the warden seized the letter before its delivery, and the guilt of the defendant then terminated in the abortive attempt. If the information was conveyed to Carroll at all, it was done afterwards by the warden in reading the letter to him or in his presence; but this was without guilty purpose, was subsequent to the discovery of the offense committed by the defendant, and cannot be deemed in itself to add to the gravity of the defendant's transgression, nor should it be charged against him as a part of the actual commission of his crime.

As there will be another trial of this case, it seems important to call attention to another matter which bears upon the degree of the defendant's offense, should he be convicted of any charge. It is quite obvious that the statute contemplates that the measure of the defendant's crime shall be determined by the nature of the charge upon which the prisoner whose escape is sought to be effected is held in custody or under conviction. If the charge is for a felony, it is made a felony to convey information with intent to effect or facilitate his escape, and a misdemeanor if he be held upon a charge, arrest, commitment, or conviction for a misdemeanor. It is practically undisputed in this case that the defendant's object was not to aid the escape of Carroll, but to aid the escape of two other prisoners then confined in the jail. Referring to them, the defendant, in the letter which he sent to Carroll, said: "I would like to get them both out. Well, Bill, this is my idea; I have a scheme by which you can turn them both out." Then followed a disclosure of the cipher, and the promise of the plan of escape to be sent later, and to be used by Carroll in effecting the escape of the other two. There is no suggestion, either in the letter or in the evidence, that Carroll was to be assisted in escaping, the whole scheme involving, as I have said, the escape of one of the other two. Neither is there any clear proof of the precise nature of the charge against the other two prisoners. The commitments show that they were confined under a charge of violating this same section 87 of the Penal Code, and the degree of the charge against them would therefore depend in turn upon the gravity of the charge against the prisoner or prisoners whom they were charged with attempting to aid to escape. Attention is called to this fact, so that upon the new trial the precise and necessary proof may be made upon this point. As the proof, however, presented in the present record must be regarded in any view as establishing only a

frustrated attempt on the defendant's part to convey to any prisoner the criminal information against which the statute is aimed, I concur in the conclusion that there should be a reversal and a new trial.

WOODWARD, JENKS, and HOOKER, JJ., concur.